**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **KIMBERLY SAICH, O/B/O N.E.S.,** | Civil Action No. 16-3346 (ES) |
| Plaintiff, | OPINION |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

Before the Court is an appeal filed by Kimberly Saich ("Plaintiff"), on behalf of a minor, N.E.S., seeking review of Administrative Law Judge Hilton R. Miller's ("ALJ" or "ALJ Miller") decision denying N.E.S.'s application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). The Court decides this matter without oral argument under Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons set forth below, the Court AFFIRMS the Commissioner's decision.

**I.    BACKGROUND**

On April 13, 2012, Plaintiff filed a Title XVI application for SSI on behalf of her minor son, N.E.S., alleging disability beginning March 1, 2012. (D.E. No. 6-5, Administrative Record ("Tr.") at 13, 123-28). The Commissioner initially denied N.E.S.'s application on August 6, 2012 (*id.* at 13, 60-62), and again upon reconsideration on May 24, 2013 (*id.* at 13, 65-67). Plaintiff filed a request on June 17, 2013, for a hearing in front of an Administrative Law Judge. (*Id.* at 13,

1

82-84). The Commissioner granted Plaintiff's request, and Plaintiff appeared and testified at a hearing before ALJ Miller on January 29, 2014. (*Id.* at 13, 30-38).

On April 14, 2014, ALJ Miller denied Plaintiff's application, stating that he considered N.E.S.'s complete medical history to determine that N.E.S. is not disabled under § 1382c(a)(3)(C)(i) of the Act. (*Id.* at 13-26). On April 30, 2014, Plaintiff requested a review of ALJ Miller's decision. (*Id.* at 8-9). The Appeals Council denied Plaintiff's request for review on April 6, 2016. (*Id.* at 1).

Plaintiff appealed the Commissioner's decision by filing this action with the Court. (D.E. No. 1). The Court received the administrative record on August 22, 2016. (D.E. No. 6). The parties briefed the issues raised by Plaintiff's appeal. (*See* D.E. No. 9, Brief in Support of Plaintiff filed on November 8, 2016 ("Pl. Mov. Br."); D.E. No. 12, Defendant's Brief Pursuant to Local Civil Rule 9.1 filed on October 13, 2016 ("Def. Opp. Br.")). The matter is now ripe for resolution.

## II. LEGAL STANDARD

### A. Standard for Awarding Benefits

To be eligible for SSI under Title XVI of the Act, a claimant must establish disability as defined by the Act. *See* 42 U.S.C. § 1382. A claimant under the age of eighteen is considered disabled if he has "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 1382c(a)(3)(C)(i).

The Act contains a three-step sequential evaluation to determine whether a claimant under the age of eighteen is disabled. 20 C.F.R. § 416.924(a). In this evaluation, the claimant bears the ultimate burden of establishing a disability. *See Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92

(3d Cir. 2007).[1]  If at any point in the sequence the Commissioner finds that a claimant is or is not disabled, the appropriate determination is made and the inquiry ends.

*Step One.*  At step one, a claimant must demonstrate no engagement in any substantial gainful activity ("SGA"). 20 C.F.R. § 416.924(a).  SGA is defined as significant physical or mental activities that are usually done for pay or profit.  *Id.* §§ 416.972(a), (b).  If a claimant engages in SGA, he is not disabled under the regulation, regardless of medical condition, age, education, or work experience.  *Id.* § 416.924(b).

*Step Two.*  At step two, a claimant must demonstrate a "severe" medically determinable impairment or combination of impairments.  *Id.*  A claimant's medically determinable impairment or combination of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitation.  *Id.* § 416.924(c).

*Step Three.*  At step three, a claimant must demonstrate that he has an impairment or combination of impairments that meets, medically equals, or functionally equals a listed impairment ("Listing") in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* § 416.924(d).  If a claimant's impairment meets, medically equals, or functionally equals a Listing, a claimant is presumptively disabled.  *Id.* § 416.924(d)(1).

An impairment or combination of impairments medically equals a Listing "if it is at least equal in severity and duration to the criteria of any listed impairment."  *Id.* § 416.926(a).  To determine whether an impairment or combination of impairments is equal in severity or duration, an ALJ considers all the relevant medical evidence in the record.  *Id.* § 416.926(c).

If a claimant's impairment does not meet or medically equal a Listing, an ALJ must determine whether an impairment functionally equals a Listing.  *Jaramillo ex rel. Mesa v. Comm'r*

---

[1]  Unless otherwise indicated, all internal citations and quotation marks are omitted, and all emphasis is added.

*of Soc. Sec.*, 130 F. App'x 557, 560 (3d Cir. 2005). A child's impairment or combination of impairments functionally equals a Listing if he has either two "marked" limitations or one "extreme" limitation in the following domains: (i) acquiring and using information; (ii) attending and completing tasks; (iii) interacting and relating with others; (iv) moving about and manipulating objects; (v) caring for yourself; and (vi) health and physical well-being. 20 C.F.R. §§ 416.926a(b)(1)(i)-(vi). A limitation is "marked" if it interferes *seriously* with a child's ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(2). A "marked" limitation is "more than moderate but less than extreme." *Id.* Similarly, a limitation is "extreme" if it interferes *very seriously* with a child's ability to independently initiate, sustain, or complete activities. *Id.* § 416.926a(e)(3). Although an extreme limitation is "more than marked," it is not necessarily the equivalent of "a total lack or loss of ability to function." *Id.* In determining whether an impairment or combination of impairments "functionally equals" a listing, an ALJ considers "all the relevant factors," including the effectiveness of a child's medication, a child's ability to function in school, and the effects of structured settings on the child's performance. *Id.* §§ 416.926a(a)(1)-(3).

**B. Standard of Review**

The Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *see Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988). "Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004). While failure to meet the

4

substantial evidence standard normally warrants remand, such error is harmless where it "would have had no effect on the ALJ's decision." *Perkins v. Barnhart*, 79 F. App'x 512, 515 (3d Cir. 2003).

The Court is bound by an ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft*, 181 F.3d at 360. Thus, the Court is limited in its review because it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

Although an ALJ may weigh the evidence's credibility, he must "give some indication of the evidence which he rejects and his reason(s) for discounting such evidence." *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000). An ALJ is not required to use particular language or adhere to a particular format in conducting his analysis as long as there is "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004).

## III. ALJ MILLER'S DECISION

ALJ Miller applied the three-step sequential analysis and concluded that N.E.S. was not disabled under the Act. (Tr. at 13-26).

At step one of the analysis, ALJ Miller determined that N.E.S. had not engaged in SGA since April 13, 2012—the application date. (*Id.* at 16).

At step two, ALJ Miller determined that N.E.S. suffered from multiple severe impairments: autism, attention deficit hyperactivity disorder ("ADHD"), obsessive-compulsive disorder ("OCD"), and speech delay. (*Id.*). ALJ Miller found that these impairments satisfied the *de minimis* threshold of severity and caused more than minimal functional limitations. (*Id.*).

At step three, ALJ Miller concluded that N.E.S. did not have an "impairment or combination of impairments that m[et] or medically equal[ed] the severity" of one of the listed impairments. (*Id.*). In reaching this conclusion, ALJ Miller found that no medical evidence demonstrated that N.E.S.'s impairments met or equaled the criteria of any Listing. (*Id.*). Further, ALJ Miller found that no treating, examining or non-examining medical source in the record mentioned findings or rendered an opinion that N.E.S.'s impairments met or equaled the criteria of any Listing. (*Id.*) ALJ Miller noted that he specifically considered the applicable sections of Listing 112.00 (mental disorders). (*Id.*).

ALJ Miller also determined that N.E.S. did not have an "impairment or combination of impairments that functionally equal[ed] the severity" of any Listing. (*Id.*) In reaching this determination, ALJ Miller evaluated the "whole child," considering (i) objective medical evidence; (ii) information from school teachers, family members, and friends; (iii) statements by N.E.S. or Plaintiff; and (iv) N.E.S.'s functioning over time and in all settings. (*Id.*). ALJ Miller found that N.E.S. had "less than marked limitation in acquiring and using information" (*id.* at 20); "marked limitation in attending and completing tasks" (*id.* at 21); "less than marked limitation in interacting and relating with others" (*id.* at 22); "less than marked limitation in moving about and manipulating objects" (*id.* at 23); "less than marked limitation in the ability to care for himself" (*id.* at 24); and "less than marked limitation in health and physical well-being" (*id.* at 25). Consequently, because N.E.S. did not have an impairment or combination of impairments that result in either "marked" limitations in two domains of functioning or an "extreme" limitation in one domain of functioning, ALJ Miller concluded that N.E.S. was not disabled under the meaning of the Act. (*Id.*).

## IV. DISCUSSION

On appeal, Plaintiff argues that ALJ Miller's decision is not supported by substantial evidence for two reasons. First, Plaintiff argues that ALJ Miller's step-three medical-equivalence analysis failed to properly compare N.E.S.'s limitations (singularly or in combination) to the criteria of any specific Listings. (Pl. Mov. Br. at 6). Second, Plaintiff argues that ALJ Miller's step-three medical-equivalence analysis improperly weighed certain evidence and failed to include other relevant evidence. (*Id.* at 7).

Plaintiff asks the Court to reverse ALJ Miller's decision and order the payment of benefits. (*Id.* at 5). Alternatively, Plaintiff asks the Court to remand this case to the Commissioner for a new hearing and a new decision. (*Id.*). As set forth below, the Court rejects Plaintiff's arguments.

### A. ALJ Miller Properly Compared N.E.S.'s Limitations to the Listings in the Step-Three Medical-Equivalence Analysis

Plaintiff argues that ALJ Miller's conclusion is not supported by substantial evidence because of three errors in ALJ Miller's step-three analysis. (*Id.* at 6-7). First, Plaintiff claims that, although ALJ Miller acknowledged in his decision that N.E.S. had autism, ADHD, OCD, and speech delay, ALJ Miller failed to compare N.E.S.'s limitations with Listings 112.10 (autism), 112.11 (ADHD), 112.08 (OCD), and 112.02 (speech delay). (*Id.* at 6). Second, Plaintiff claims that ALJ Miller failed to properly compare the combination of N.E.S.'s limitations with the above Listings. (*Id.* at 6-7). Third, Plaintiff claims that ALJ Miller provided only a "boiler plated finding" followed by "another boiler plated paragraph having nothing to do with this specific case," rendering the ALJ's analysis insufficient for meaningful judicial review. (*Id.* at 7, 10).

At step three, an ALJ must "compare the claimant's medical evidence to a list of impairments presumed severe enough to negate any gainful work." *Caruso v. Comm'r of Soc. Sec.*, 99 F. App'x 376, 379 (3d Cir. 2004). An ALJ must explain his reasoning for why the medical

7

evidence does or does not meet the requirements of a Listing. *Burnett*, 220 F.3d at 119-20. An ALJ is not required to use particular language or adhere to a particular format as long as his decision, read as a whole, illustrates sufficient development of the record and explanation of findings to permit meaningful review. *Jones*, 364 F.3d at 505. An ALJ's failure to discuss specific listings is not a reversible error if he analyzed all the probative evidence and explained his decision sufficiently to permit meaningful judicial review. *Lopez v. Comm'r of Soc. Sec.*, 270 F. App'x 119, 122 (3d Cir. 2008); *see also Lopez v. Comm'r of Soc. Sec.*, No. 11-5169, 2012 WL 3262827, at *10 (D.N.J. Aug. 2, 2012) (holding that ALJ's reference to listing section as a whole is sufficient). An ALJ's decision is judicially reviewable if that decision clearly analyzes and evaluates the relevant medical evidence as it relates to the listing requirements. *Scuderi v. Comm'r of Soc. Sec.*, 302 F. App'x 88, 90 (3d Cir. 2008).

Regarding the first alleged error, the Court finds that ALJ Miller properly compared N.E.S.'s limitations with the Listings. ALJ Miller specifically considered Listing 112 (Tr. at 16), which is a general category of mental disorders, *see* 20 C.F.R. pt. 404, subpt. P, app. 1 § 112.00. Indeed, Plaintiff concedes that Listing 112.00 covers Plaintiff's autism, ADHD, OCD, and speech delay. (*See* Pl. Mov. Br. at 7). ALJ Miller is not required to compare each of N.E.S.'s limitations to any specific Listing criteria as long as his decision properly considered the relevant evidence and explained his reasoning. *See Lopez*, 2012 WL 3262827, at *10.[2] As explained further below, ALJ Miller properly considered the relevant medical evidence and provided sufficient analysis to support his conclusion that N.E.S.'s impairments did not meet the requirements of the Listings.

Regarding the second and third alleged errors, the Court finds that ALJ Miller properly compared the combination of N.E.S.'s impairments with the requirements of the Listings and

---

[2] Further, Plaintiff does not point to any evidence to show that N.E.S.'s limitations meet any Listing. (*See* Def. Opp. Br. at 5).

8

supported his analysis with sufficient evidence to permit judicial review. First, contrary to Plaintiff's claims, ALJ Miller's conclusion did consider the combined effects of N.E.S.'s impairments. ALJ Miller specifically found that the medical evidence did not indicate a "*combination* of impairments severe enough" to equal the criteria of any Listing. (Tr. at 16). Second, ALJ Miller's medical-equivalence analysis was sufficient to allow for meaningful judicial review. While the conclusion to ALJ Miller's medical-equivalence analysis was brief, elsewhere in the decision (and particularly in his functional-equivalence analysis) ALJ Miller thoroughly discussed (i) N.E.S.'s medical and educational records; (ii) N.E.S.'s behavior at the hearing; and (iii) Plaintiff's testimony at the hearing. (*See id.* at 17-19); *see also Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981) ("[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."); *Domkos v. Colvin*, No. 15-2660, 2016 WL 1732380, at *4 (D.N.J. May 2, 2016) (allowing an ALJ's analysis of relevant medical evidence in one step of a decision to support the ALJ's conclusion in another step). Accordingly, ALJ Miller's decision, when read as a whole, provides a "sufficient development of the record and explanation of findings to permit meaningful judicial review." *Jones*, 364 F.3d at 505.

### B. ALJ Miller Properly Considered the Evidence in the Step-Three Functional-Equivalence Analysis

Plaintiff argues that ALJ Miller's analysis of functional equivalence was improper because he "cherry-picked singular evidentiary snippet[s]" to support his conclusion. (Pl. Mov. Br. at 7). Plaintiff challenges ALJ Miller's analysis of all six functional domains, but identifies specific evidence that ALJ Miller allegedly failed to consider in his analysis of (i) domain A (acquiring and using information); (ii) domain D (moving about and manipulating objects); and (iii) domain E (caring for yourself). (*Id.* at 14-16). The Court will address each domain in turn.

### i. Domain A: Acquiring and Using Information

Plaintiff argues that because ALJ Miller did not consider medical evidence that demonstrated N.E.S.'s difficulties in acquiring and using information, ALJ Miller's conclusion that N.E.S. had a less than marked limitation in domain A is not supported by substantial evidence. (Tr. at 14). The Court disagrees. As an initial matter, Plaintiff's claims that ALJ Miller "cherry-picked" evidence and gave "exclusive weight" to N.E.S.'s teacher (Pl. Mov. Br. at 7, 13) are without merit because ALJ Miller considered conflicting evidence that demonstrated N.E.S.'s limitations (*see, e.g.*, Tr. at 20). For example, ALJ Miller acknowledged that the overall record confirmed "learning and speech delays," but that N.E.S., as of May 2012, was only a half-grade behind in reading, math, and written language. (*Id.*). Moreover, ALJ Miller considered N.E.S.'s teacher's observation that N.E.S. had "serious problems" in acquiring and using information, but found that such evidence related more to domain B (attending and completing tasks)—and ALJ Miller found that N.E.S. had a marked limitation in domain B. (*Id.*).[3]

Furthermore, ALJ Miller relied on the determinations from two state agency medical examiners who each found that Plaintiff had a less than marked limitation in domain A. (*Id.* at 19). ALJ Miller also relied on Plaintiff's representations that N.E.S. was "doing beautifully in school." (*Id.* at 20).[4] To be sure, the Court notes that ALJ Miller is not required to reference every relevant piece of medical evidence in his functional equivalence analysis. *See Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001).

---

[3]   ALJ Miller indicated that he gave "substantial weight" to N.E.S.'s teacher's opinion because she was able to observe N.E.S. over an extended period in an academic setting. (Tr. at 19). ALJ Miller also noted that N.E.S.'s teacher's assessment "is generally consistent with the overall record, which substantiates that [N.E.S.] exhibited some aggressive and compulsive tendencies in the home setting but was generally well behaved at school." (*Id.*).

[4]   ALJ Miller also considered that N.E.S.'s teacher identified "significant academic improvement" in his domain A analysis. *See Watkins v. Comm'r of Soc. Sec.*, 131 F. App'x 362, 366 (3d Cir. 2005) (teacher's observation that claimant "made progress in school" constituted substantial evidence in support of ALJ's finding).

Accordingly, because ALJ Miller identified the relevant medical evidence he considered, the Court finds that the ALJ's conclusion that N.E.S. had less than marked limitation in domain A is supported by substantial evidence.

### ii. *Domain D: Moving About and Manipulating Objects*

Plaintiff argues that ALJ Miller's conclusion that N.E.S. had a less than marked limitation in domain D is not supported by substantial evidence because ALJ Miller improperly weighed certain evidence. (Pl. Mov. Br. at 15). Specifically, Plaintiff argues that N.E.S.'s "obvious problem[s]" in strength, coordination, and dexterity are "outweighed in the analysis . . . because [Plaintiff] enrolled [N.E.S.] in the boy scouts [sic] and a soccer team." (*Id.*). While ALJ Miller does point to N.E.S.'s participation in these two activities in his conclusion, he also indicates that N.E.S. (i) had no gait abnormalities; (ii) was able to run and walk on his heels and toes; and (iii) did not exhibit deficits in his range of motion. (Tr. at 23). Consequently, Plaintiff's argument is unpersuasive because ALJ Miller evaluated more evidence than just N.E.S.'s participation in soccer and Boy Scouts and did not indicate that he gave this evidence notable weight. Moreover, ALJ Miller is not required to indicate how much weight he gives evidence nor justify his determination, as long as his analysis of the record allows for meaningful judicial review. *See Jones*, 364 F.3d at 505. The Court is satisfied that ALJ Miller's functional-equivalence analysis for domain D is supported by substantial evidence. And because it would be improper for this Court to weigh the evidence itself, this Court gives deference to ALJ Miller's analysis. *See Williams*, 970 F.2d at 1182.

Plaintiff further argues that because ALJ Miller "never asked the mother a single question about her son" at the January 29, 2014 hearing, "the record does not reflect that the child could not continue in these activities." (Pl. Mov. Br. at 15). But Plaintiff ignores the fact that her own

attorney asked her numerous questions about her son on the record, and the record is replete with Plaintiff's testimony regarding her son's abilities (including, as mentioned above, her statement that her son is "doing beautifully in school"). Moreover, Plaintiff does not point to any evidence to support her claim that N.E.S. could not continue to participate in the Boy Scouts and on his soccer team. Indeed, Plaintiff does not argue how any such additional evidence, if admitted into the record, would support a conclusion that N.E.S. had marked, rather than less than marked, limitations in moving about and manipulating objects.[5] Hence, because the remainder of ALJ Miller's analysis identified the relevant medical evidence he considered, the Court finds that ALJ Miller's conclusion that N.E.S. had less than marked limitation in domain D is supported by substantial evidence.

### iii. *Domain E: Caring for Yourself*

Finally, Plaintiff challenges ALJ Miller's determination that N.E.S. had a less than marked limitation in domain E (caring for yourself). (*Id.*).[6] Plaintiff appears to argue that ALJ Miller did not give enough weight to evidence that N.E.S. is "an 8 year old autistic child [who] cannot dress or bathe himself and [who] 'appeared essentially uncontrollable at the hearing.'" (*Id.*) (quoting Tr. at 24). The Court, however, must decline Plaintiff's invitation to re-weigh the evidence. *See Williams*, 970 F.2d at 1182. In any event, the Court finds that the ALJ's determination regarding domain E is supported by substantial evidence. The ALJ noted, for example, that N.E.S. was able to feed himself, was improving his behavioral outbursts through counseling, and was reported to be well-behaved in school. (Tr. at 24). As such, Plaintiff's argument is unpersuasive.

---

[5] Plaintiff further claims that ALJ Miller "never told the child to sit down or addressed him in any way." (Pl. Mov. Br. at 5). Plaintiff does not provide any explanation for how this affects the soundness of ALJ Miller's conclusion nor how this Court should interpret the lack of direct questioning of a minor.

[6] Plaintiff states in her conclusion that there is "ample proof" to show that N.E.S. had marked limitation "in at least 4 domains." (*Id.* at 16). Plaintiff does not indicate which is the fourth domain that she alleges is supported by that ample evidence.

12

## V.     CONCLUSION

For the foregoing reasons, the Court AFFIRMS the Commissioner's decision. An appropriate Order accompanies this Opinion.

<u>*s/ Esther Salas*</u><br>
**Esther Salas, U.S.D.J.**